778 P.2d 1323

**Elizabeth BROWN, as Personal Representative of the Estate of Jennifer Michelle Goode, Deceased, Plaintiff/Appellee/Cross–Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, Defendant/Appellant/Cross–Appellee.**

No. 2 CA–CV 88–0284.

Court of Appeals of Arizona, Division 2, Department A.

March 16, 1989.

Review Granted Sept. 19, 1989.

Bilby & Shoenhair by David A. Paige, Tucson, for plaintiff/appellee/cross-appellant.

Chandler, Tullar, Udall & Redhair by D. Burr Udall, Tucson, for defendant/appellant/cross-appellee.

OPINION

LIVERMORE, Presiding Judge.

This appeal arises from a dispute concerning the rights, duties, and status of the parties with respect to underinsured motorist coverage under two separate insurance policies.

Jennifer Goode died of the injuries she received when the vehicle in which she was a passenger was struck by another vehicle. She was insured under a policy issued by State Farm Mutual Automobile Insurance Company (State Farm) to her stepfather on a vehicle owned by him. The car in which she was riding was insured by Universal Underwriters Insurance Company (Universal). The car which struck them was insured by a Farmers Insurance Company policy with a $50,000 per person liability limit. Both the State Farm and Universal policies provided underinsured motorist coverage of $100,000 per person. The wrongful death claim as to Jennifer Goode has a value of at least $250,000.

Appellee, personal representative of Jennifer Goode's estate, filed a complaint for declaratory judgment. The matter was submitted on stipulated facts and exhibits and cross-motions for summary judgment were filed by State Farm, Universal, and appellee. Before the matter was decided, Universal settled with appellee and paid its policy limit of $100,000. Granting appellee's motion for summary judgment, the trial court held that Jennifer Goode was an insured under both policies, that both policies provided excess coverage of $100,000, and that because the policy limits were the same, the total limit of coverage would be $100,000. The court further held that because both policies were excess they must share on a pro rata basis. Judgment was entered in favor of appellee and against State Farm in the amount of $50,000 plus interest and attorneys' fees.

State Farm appeals, arguing that Universal's coverage was primary and because the limitation for both policies was $100,000 and Universal paid that amount, State Farm owes nothing. Appellee cross-appeals, arguing that both the State Farm and Universal policies are excess and both are liable for the full $100,000.

The parties do not dispute that State Farm's coverage is excess. What is at issue is whether Universal's coverage is primary. If Universal's policy is primary, State Farm is not liable under its policy. If Universal's policy is excess, State Farm owes a pro rata share, and what that share is and to whom it is owed then becomes the issue.

 A.R.S. § 28–1170.01 of the Transportation Safety Responsibility Act provides:

A. If two or more policies affording valid and collectible automobile liability insurance apply to the same motor vehicle in an occurrence out of which a liability loss shall arise, and one of such policies affords coverage to a named insured engaged in the business of selling, repairing, servicing, delivering, testing, road testing, parking or storing motor vehicles, both of the following shall be conclusively presumed:

1. If, at the time of loss, the motor vehicle is being operated by any person engaged in any of such businesses, or by his employee or agent, the insurance afforded by the policy issued to the person engaged in such business shall be primary, and the insurance afforded by any other policy shall be excess.

2. If, at the time of loss, the motor vehicle is being operated by any person other than as described in paragraph 1, the insurance afforded by the policy issued to any person engaged in any of such businesses shall be excess over all other insurance available to such operator as a named insured or otherwise.

B. Except as provided in subsection A of this section, if two or more policies affording valid and collectible liability insurance apply to the same motor vehicle in an occurrence out of which a liability loss shall arise, it shall be conclusively presumed that the insurance afforded by that policy in which such motor vehicle is described or rated as an owned automobile shall be primary and the insurance afforded by any other policy or policies shall be excess.

The purpose of the statute is to provide firm rules regarding priority between carriers. *Nationwide Mutual Insurance v. CNA Insurance Co.*, 159 Ariz. 368, 767 P.2d 716, (1988). It does so by creating conclusive presumptions as to which policy provides primary coverage and which provides excess coverage when more than one policy covers the same loss. *Id.* Appellee argues that § 28–1170.01 applies only to liability insurance and not to underinsured motorist insurance. With regard to subsection A, that argument was rejected in *Nationwide*, the court reasoning that:

There is nothing in the language of § 28–1170.01(A) to suggest that automobile liability insurance, as used in that section, was intended to have a narrower meaning than that required by § 20–259.01(A) [requiring uninsured motorist coverage in all automobile liability insurance policies issued in Arizona], or that the priorities established by that subsection did not apply to all types of coverage.

*Id.* 159 Ariz. at 370, 371, 767 P.2d at 718, 719. The court's reasoning applies equally to subsection B and to underinsured motorist insurance. It also best serves the purpose envisioned by the legislature of providing a firm rule to deal with such cases.

We hold, therefore, that pursuant to § 28–1170.01(B), the Universal policy is conclusively presumed to be primary and the State Farm policy is excess. Universal is liable, therefore, for the liability limit of $100,000, which it has already paid. State Farm's excess coverage applies "only in the amount by which it exceeds the primary coverage." Because both policies had coverage of $100,000, State Farm has no liability.

Because the argument on cross-appeal is premised upon the claim that both policies are excess and, for the reasons set forth above, we have held that Universal's policy is primary, we reject the argument.

The case is reversed and remanded for proceedings consistent with this opinion.

HATHAWAY and HOWARD, JJ., concur.