717 P.2d 858

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
**Plaintiff/Appellant,**

v.

**FIREMAN'S FUND INSURANCE COMPANY; Deanne Sasselli; Howard McNeil and Carmen McNeil, husband and wife; and Frank Cummings Ford, Inc., Defendants/Appellees.**

**No. 18201–PR.**

**Supreme Court of Arizona,**
**En Banc.**

**March 27, 1986.**

Fish, Duffield, Miller, Young, Adamson & Alfred, P.C. by K. Alexander Hobson, Tucson, for plaintiff/appellant.

Chandler, Tullar, Udall & Redhair by D. Burr Udall, Tucson, for defendant/appellee Fireman's Fund Ins. Co.

Russo, Cox, Dickerson, Butler & Russo, P.C. by Karl MacOmber, Tucson, for defendant/appellee Sasselli.

Richard A. Block, Tucson, for defendants/appellees McNeil.

FELDMAN, Justice.

This case comes to us on stipulated facts and requires us to determine whether an escape clause in an automobile insurance policy issued by State Farm Mutual Automobile Insurance Company (State Farm) violates A.R.S. § 28–1170.01 (and its identical counterpart, A.R.S. § 20–1123.01) and is, therefore, void. The cited statutes create conclusive presumptions as to which policy provides primary and which excess coverage when two or more policies cover the same motor vehicle loss and the named insured in one of the policies is engaged in the automobile business. The trial court held that State Farm's escape clause was void. The court of appeals affirmed and State Farm petitioned for review. Because this is a case of first impression, we accepted review pursuant to Rule 23, Ariz.R.Civ. App.P., 17A A.R.S. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. §§ 12–1837 and 12–120.24.

FACTS

In March of 1983 Deanne Sasselli (Sasselli) owned two vehicles, both of which were insured under separate policies issued by State Farm. On March 1, 1983, she volunteered to drive a friend's van to Nogales, Arizona, so that Frank Cummings Ford (Cummings), an automobile dealer and repair facility, could repair it. Sasselli delivered the van to Cummings at about 5:00 p.m. on March 1st. Since the van would not be ready until the next day, Sasselli asked Cummings to loan her a car for temporary use. Cummings agreed and

gave her one of its cars to use without charge or restriction.

The next day Sasselli was driving the loaned car with Carmen McNeil (McNeil) as a passenger when she collided with a truck. McNeil was injured and made a claim for damages against Sasselli. The record does not indicate the status of this claim.

The Cummings car which Sasselli was driving at the time of the accident was a "covered auto" under a garagekeeper's policy issued by Fireman's Fund Insurance Company (Fireman's Fund). Cummings was the named insured on that policy. The State Farm policies issued to Sasselli both contained non-owned coverage (sometimes called "drive-other-car coverage"). These provisions provided coverage for Sasselli while she was driving automobiles owned by others. However, the policies contained the following exclusion:

"3. Temporary substitute car, non-owned car, trailer

If a temporary substitute car [or] a non-owned car ... has other vehicle liability coverage on it, then this coverage is excess. THIS COVERAGE SHALL NOT APPLY;

(a) IF THE VEHICLE IS OWNED BY ANY PERSON OR ORGANIZATION IN A CAR BUSINESS; AND

(b) IF THE INSURED OR THE OWNER HAS OTHER LIABILITY COVERAGE WHICH APPLIES IN WHOLE OR IN PART AS PRIMARY, EXCESS OR CONTINGENT COVERAGE."

(Emphasis in original.) The Cummings car was non-owned as far as Sasselli was concerned and had liability coverage "on it" under the Fireman's Fund policy. Thus, according to the terms of the State Farm policy, its coverage would be excess. However, the State Farm policy goes one step further and provides that it "shall not apply" where the non-owned car involved in the accident was owned by an "organization in a car business" and is insured under other liability coverage.

Since Cummings is in the "car business" and the Fireman's Fund policy provides "other liability coverage," State Farm

claimed that it provided no coverage to Sasselli. Accordingly, State Farm filed a declaratory judgment action (see A.R.S. § 12–1831 et seq.) in the superior court, seeking a judgment that State Farm was not required to pay any claim arising out of the accident. Fireman's Fund conceded that Sasselli was insured under the omnibus clause of its policy. However, it claimed that State Farm was the primary insurer and that its coverage was only excess. Fireman's Fund based its argument on A.R.S. § 28–1170.01, which provides:

**Motor vehicle liability policy; primary and excess coverage**

A. If two or more policies affording valid and collectible automobile liability insurance apply to the same motor vehicle in an occurrence out of which a liability loss shall arise, and one of such policies affords coverage to a named insured engaged in the business of selling, repairing, servicing, delivering, testing, road testing, parking or storing motor vehicles, both of the following shall be conclusively presumed:

1. If at the time of loss, the motor vehicle is being operated by any person engaged in any of such businesses, or by his employee or agent, the insurance afforded by the policy issued to the person engaged in such business shall be primary, and the insurance afforded by any other policy shall be excess.

2. If, at the time of loss, the motor vehicle is being operated by any person other than as described in paragraph 1, the insurance afforded by the policy issued to any person engaged in any of such businesses shall be excess over all other insurance available to such operator as a named insured or otherwise.

B. Except as provided in subsection A of this section, if two or more policies affording valid and collectible liability insurance apply to the same motor vehicle in an occurrence out of which a liability loss shall arise, it shall be conclusively presumed that the insurance afforded by that policy in which such motor vehicle is described or rated as an owned automo-

bile shall be primary and the insurance afforded by any other policy or policies shall be excess.

C. The presumptions stated in subsection A of this section may be modified or amended only by written agreement signed by all insurers who have issued a policy or policies applicable to a loss described in such subsection and all named insureds under such policies.

The trial court found, *inter alia*, that subsection (A)(2) of the statute was applicable, and that because the State Farm escape clause was contrary to the statute it was void. It held that State Farm provided primary coverage for the accident and that Fireman's Fund provided excess coverage. State Farm appealed. The court of appeals affirmed the trial court, reasoning that if the State Farm escape clause precluded primary coverage it would be contrary to the statute and void. *State Farm Mutual Automobile Insurance Co. v. Fireman's Fund Insurance Co.*, 149 Ariz. 230, 233, 717 P.2d 909, 912 (1985). On review, State Farm maintains that the escape clause does not violate the statute. We disagree.

## DISCUSSION

It is undisputed that Cummings is in the business of selling and repairing automobiles and thus is within the ambit of A.R.S. § 28–1170.01(A). Therefore, the *conclusive* presumptions of subsection (A) are triggered. Subsection (A)(1) is inapplicable because Sasselli was neither an employee nor an agent of Cummings. Thus, the case is governed by subsection (A)(2) which applies to "any person other than" the automobile dealer, his employee or agent. Subsection (A)(2) requires that the garagekeeper's policy "shall be excess over all other insurance available to [the driver] as a named insured or otherwise." The legislature's plain intent is to make the garage-

keeper's policy excess in situations such as that presented by the case before us. If we were to give effect to State Farm's escape clause, we would then be faced with the choice of either holding that the garagekeeper's policy is primary, thus contravening the plain language of § 28–1170.-01(A), or holding that there is no primary coverage at all. The latter is a legal impossibility under the Financial Responsibility Law (*see* A.R.S. § 28–1101 *et seq.*).

State Farm contends that § 28–1170.01 is not applicable to this situation because its policy does not cover Sasselli at all for the occurrence in question. It argues that the statute does not come into effect unless there is "other insurance available" to Sasselli. § 28–1170.01(A)(2). It is true that if State Farm's escape clause is given effect, there is no "other insurance available" to Sasselli and the Fireman's Fund policy would be the primary—and only—coverage. However, this argument begs the very question before us, which is whether the existence of the escape clause itself violates the statute. We believe that State Farm's construction would violate both the letter and spirit of the statute. In construing a statute nearly identical with § 28–1170.01 (in a case not involving an escape clause but in which both insureds were in the "car business"), the California Court of Appeals held that the driver's policy provided primary insurance. The court reasoned that in part the legislature created the statutory presumptions in order to avoid conflict and litigation when multiple coverages are present. *Zurich-American Insurance Company v. Liberty Mutual Insurance Company*, 85 Cal.App.3d 481, 485, 149 Cal. Rptr. 472, 474 (1978). The presumptions act as "tie-breakers" and aid the courts in resolving these types of disputes.[1] A brief survey of the litigation engendered by "other insurance" clauses confirms the legislature's wisdom. *See State Farm Mutu-*

---

1. Another salutary purpose of the statute is to require that the insurer for the negligent driver will usually be the primary carrier. In the long run this may mean that the negligent driver

may suffer some of the economic consequences of his or her conduct. *See Zurich-American, supra,* 149 Cal.Rptr. at 476.

*al Automobile Insurance Company v. Bogart*, 149 Ariz. 145, 717 P.2d 449 (1986).

We think that the statute is clear and unambiguous. Where two policies cover a motor vehicle loss and one is a garagekeeper's policy, coverage priority is determined as follows: (1) if the covered vehicle was being driven by the garagekeeper or his employees or agents at the time of the accident, then the garagekeeper's policy is primary and any other policy which would otherwise cover the loss is excess;[2] (2) if the vehicle is being driven by anyone other than the garagekeeper's employees or agents at the time of the loss, then the garagekeeper's policy will be excess, and any other insurance which is applicable to the occurrence will be primary. Insurers cannot avoid the sweep of the statute by simply rewriting their other insurance clauses; the legislative intent to allocate coverage cannot be so easily defeated by resourceful drafters. The statute was intended to produce uniformity of result in determining excess and primary coverage. No matter what wording is chosen by the insurers it must be interpreted so as to reach the result required by the statute. Any exclusion which would mandate a contrary result is void. *See Jenkins v. Mayflower Insurance Exchange*, 93 Ariz. 287, 380 P.2d 145 (1963).

We hold, therefore, that State Farm's escape clause is void, that the State Farm policy therefore is "available," and that under A.R.S. § 28–1170.01(A)(2) it provides primary coverage. The Fireman's Fund policy provides excess coverage. The judgment is affirmed. The opinion of the court of appeals is approved as modified.

GORDON, V.C.J., and HAYS and, CAMERON, JJ., concur.

HOLOHAN, C.J., dissents.

---

**2.** The statute does not explicitly cover situations in which there may be more than one primary or excess carrier, with equal or conflicting "oth-

er insurance" clauses. As to this vexing problem, *see State Farm v. Bogart, supra.*