767 P.2d 716

**NATIONWIDE MUTUAL INSURANCE, Plaintiff/Appellant,**

v.

**CNA INSURANCE COMPANY, Defendant/Appellee.**

No. 2 CA-CV 88-0193.

Court of Appeals of Arizona, Division 2, Department B.

Oct. 18, 1988.

Review Denied Feb. 7, 1989.*

* Gordon, C.J., of the Supreme Court, did not participate in the determination of this matter.

Law Offices of Warren S. McCord by Paul J. Prato, Scottsdale, for plaintiff/appellant.

Gallagher & Kennedy, P.A. by Chris J. Scheldrup, Phoenix, for defendant/appellee.

## OPINION

ROLL, Judge.

Plaintiff/appellant Nationwide Mutual Insurance (Nationwide) appeals from the trial court's order granting the motion of CNA Insurance Company (CNA) for summary judgment and denying Nationwide's motion for summary judgment. This action concerns which insurance company is the primary insurer. For the reasons set forth below, we affirm.

## FACTS

On April 26, 1984, Peter Lahman took his vehicle to Beaudry Motors in Tucson, Arizona, for repairs. Beaudry furnished Lahman with a vehicle for transportation while the repairs were being undertaken. While Lahman was operating the Beaudry vehicle, Rodney Farrier, an uninsured motorist, ran a red light and collided with Lahman.

At the time of the accident, Lahman was insured by Nationwide while Beaudry was insured by CNA. Nationwide paid a total of $5,690.82 to Lahman and then brought a contribution action against CNA. An arbitrator ruled in favor of CNA and Nationwide appealed. The superior court granted CNA's motion for summary judgment and denied Nationwide's motion for summary judgment. Nationwide appeals from the trial court's granting of summary judgment.

## ISSUE ON APPEAL

The only issue on appeal is whether Nationwide or CNA is the primary insurer regarding uninsured motorist's benefits paid to Lahman.

## DISCUSSION

"Summary judgment is appropriate where the record shows that there is no genuine dispute as to any material fact, that only one inference can be drawn from those facts, and that based upon the facts, the moving party is entitled to judgment as a matter of law." *Auto-Owners Ins. Co. v. Moore*, 156 Ariz. 184, 185, 750 P.2d 1387, 1388 (App.1988). There is no dispute as to any material fact.

A.R.S. § 28–1170.01 creates conclusive presumptions as to which policy provides primary and which excess coverage when two or more policies cover the same loss and the named insured in one of the poli-

cies is engaged in the automobile business. That statute provides in part:

A. If two or more policies affording valid and collectible automobile liability insurance apply to the same motor vehicle in an occurrence out of which a liability loss shall arise, and one of such policies affords coverage to a named insured engaged in the business of selling, repairing, servicing, delivering, testing, road testing, parking or storing motor vehicles, both of the following shall be conclusively presumed:

1. If, at the time of loss, the motor vehicle is being operated by any person engaged in any of such businesses, or by his employee or agent, the insurance afforded by the policy issued to the person engaged in such business shall be primary, and the insurance afforded by any other policy shall be excess.

2. If, at the time of loss, the motor vehicle is being operated by any person other than as described in paragraph 1, the insurance afforded by the policy issued to any person engaged in any of such businesses shall be excess over all other insurance available to such operator as a named insured or otherwise.

CNA argues that the statute looks to the identity of the driver in determining whether the driver's or the owner's insurance is primary. This reasoning was followed by the arbitrator in his findings. On the other hand, Nationwide maintains that the statute was designed to protect businesses from claims lodged against their insurance companies by innocent third parties injured by negligent non-employee drivers of business vehicles. Nationwide maintains that since Lahman was not responsible for causing the accident from which his insurance claim arose, it is unfair to shift "the economic burden of the accident to the non-negligent claimant and his or her insurance carrier." Nationwide also argues that uninsured motorist coverage is outside the scope of A.R.S. § 28–1170.01.

### a. Statutory purposes.

■ A.R.S. § 28–1170.01(A) serves the two-fold purpose of (1) establishing "firm rules determining priority between primary and excess coverage where there are multiple carriers," and (2) requiring that the insurer for the negligent driver will usually be the primary carrier. *State Farm Mut. Auto. Ins. Co. v. Bogart*, 149 Ariz. 145, 153, 717 P.2d 449, 457 (1986); *see also State Farm Mut. Auto. v. Fireman's Fund Ins.*, 149 Ariz. 179, 181, 717 P.2d 858, 860 (1986). Nationwide argues that because Lahman was not negligent, the purposes of the statute are not served by designating Lahman's carrier, Nationwide, as the primary carrier.

We reject this argument for two reasons. First, neither Lahman nor Beaudry's was negligent. The accident was caused by an uninsured third party. Therefore, equitable considerations would not dictate that Beaudry's carrier, CNA, be designated the primary carrier. Second, and more importantly, the purpose of establishing "firm rules" regarding priority between carriers is served by adhering to the clear meaning of the statute and designating Nationwide as the primary carrier. The statute focuses upon whether the driver was engaged in an automobile business purpose when the loss occurred. Here, the evidence is undisputed that Lahman was not engaged in Beaudry's business when the collision occurred. Accordingly, A.R.S. § 28–1170.01(A)(2) requires that Nationwide be designated the primary insurer. To rule otherwise would create uncertainty where none otherwise exists.

### b. A.R.S. § 28–1170.01(A) encompasses uninsured motorist insurance.

■ Nationwide next maintains that A.R.S. § 28–1170.01(A) does not encompass uninsured motorist insurance because that statute refers to accidents "out of which a liability loss" arises. Nationwide argues that liability loss payments are payments made to third parties, whereas uninsured motorist insurance pays first-party benefits. We disagree with Nationwide's suggested interpretation. Pursuant to A.R.S. § 20–259.01(A), no automobile liability insurance policy may issue in Arizona without uninsured motorist coverage. There is

nothing in the language of § 28–1170.01(A) to suggest that automobile liability insurance, as used in that section, was intended to have a narrower meaning than that required by § 20–259.01(A), or that the priorities established by that subsection did not apply to all types of coverage. We believe that it is unreasonable to conclude that uninsured motorist coverage is excluded from the term automobile liability insurance as used in § 28–1170.01(A).[1]

The trial court properly granted CNA's motion for summary judgment. Each party will bear its own costs.

WE AFFIRM.

LIVERMORE and FERNANDEZ, JJ., concur.

1. *Employers Mut. Cas. Co. v. McKeon*, 159 Ariz. 111, 765 P.2d 513 (1988), which held that public policy prevents an insurance company from withholding uninsured motorist coverage benefits from a "named driver exclusion," does not require a different result.

* Gordon, C.J., of the Supreme Court, did not participate in the determination of this matter.