854 P.2d 1201

**JOHN DEERE INSURANCE COMPANY, a foreign corporation, Plaintiff–Appellee,**

v.

**WEST AMERICAN INSURANCE GROUP, a foreign corporation, Defendant–Appellant.**

**No. 1 CA–CV 91–0437.**

Court of Appeals of Arizona, Division 1, Department E.

June 3, 1993.

Thomas, Burke and Phillips by Thomas P. Burke, II, Phoenix, for plaintiff-appellee.

Ridenour, Swenson, Cleere & Evans by Robert R. Beltz, Phoenix, for defendant-appellant.

## OPINION

GERBER, Judge.

Defendant–Appellant West American Insurance Group (West American) appeals from the trial court's order granting summary judgment for the John Deere Insurance Company (Deere) and denying West American's cross-motion for summary judgment. The trial court held that West American was the primary insurer and Deere was the excess insurer concerning liability arising from an automobile accident. For the reasons set forth below, we affirm.

---

* The Honorable Michael J. O'Melia, Judge of the Maricopa County Superior Court, was authorized to participate in this matter by Chief Jus-

tice of the Arizona Supreme Court, pursuant to Ariz. Const. art. 6, § 31.

## BACKGROUND

The facts underlying this case are not contested. Manuel Flores (Flores), an employee of Gower Enterprises, Ltd. (Gower), was involved in an automobile accident with a vehicle owned and operated by Lee Holmes. The car that Flores was driving was owned by Courtesy Chevrolet (Courtesy). Gower had possession of the car for the purpose of performing repair work on it and, at the time of the accident, Flores was in the process of returning the car to Courtesy. Holmes subsequently made claims for bodily injury and property damage.

At the time of the accident, Gower was insured for automobile liability coverage by West American. Courtesy was the named insured under an automobile liability policy issued by Deere. Both policies are known as "garagekeeper's policies," which apply to insureds engaged in the business of selling, repairing, servicing, delivering, testing, parking, or storing motor vehicles. Both policies provided potential coverage for Flores' accident.

■ Deere brought this action for declaratory relief against West American, seeking a judgment that West American, as insurer of Flores' employer, was the primary insurer and Deere was the excess insurer. The trial court granted Deere's motion for summary judgment and denied West American's cross-motion for summary judgment. The issue on appeal requires us to interpret Ariz.Rev.Stat.Ann. ("A.R.S.") section 28–1170.01. Specifically, we must decide whether West American or Deere is the primary insurer with respect to the liability loss arising from Holmes' claims.

## DISCUSSION

A grant of summary judgment is appropriate when the trial court finds no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Do By Minker v. Farmers Ins. Co.*, 171 Ariz. 113, 115, 828 P.2d 1254, 1256 (App. 1991). *See Orme School v. Reeves*, 166 Ariz. 301, 802 P.2d 1000 (1990). No factual dispute exists in this case.

Arizona Revised Statutes Annotated section 28–1170.01 governs the allocation of loss when two or more insurers issue motor vehicle liability policies covering the same loss. The statute creates conclusive presumptions as to which policy provides primary coverage and which policy provides excess coverage. The general rule, pursuant to A.R.S. section 28–1170.01(B), is that the primary policy is the one which describes and rates the vehicle as "owned"; any other policy provides excess insurance. However, an exception to this general rule is provided in A.R.S. section 28–1170.01(A):

A. If two or more policies affording valid and collectible automobile liability insurance apply to the same motor vehicle in an occurrence out of which a liability loss shall arise, and one of such policies affords coverage to a named insured engaged in the business of selling, repairing, servicing, delivering, testing, road testing, parking or storing motor vehicles, both of the following shall be conclusively presumed:

1. If, at the time of the loss, the motor vehicle is being operated by any person engaged in any of such businesses, or by his employee or agent, the insurance afforded by the policy issued to the person engaged in such business shall be primary, and the insurance afforded by any other policy shall be excess.

2. If, at the time of the loss, the motor vehicle is being operated by any person other than as described in paragraph 1, the insurance afforded by the policy issued to any person engaged in any of such businesses shall be excess over all other insurance available to such operator as a named insured or otherwise.

■ Deere argues that because both policies were issued to insureds engaged in businesses described in A.R.S. section 28–1170.01(A), the priorities established by that section apply. Therefore, Deere concludes West American is the primary insurer because an employee of its insured was

the driver at the time of the accident. The trial court agreed with Deere's interpretation of A.R.S. section 28–1170.01(A) and granted summary judgment accordingly.

West American counters that A.R.S. section 28–1170.01(A) does not apply when *more than one* of the insureds is engaged in automotive businesses. West American claims that A.R.S. section 28–1170.01(A) is applicable when only *one* policy is issued to an entity engaged in an automotive business. West American further contends that the trial court's application of the statute results in an improper judicial rewriting of that section by applying it to coinsurance situations where *at least one*, rather than merely one, of the policies was issued to an insured in an automotive business. West American concludes that pursuant to the general rule contained in A.R.S. section 28–1170.01(B), Deere is the primary insurer for the loss as the issuer of the policy in which the subject vehicle was described or rated as an owned automobile.[1]

We believe that the interpretation posited by Deere and endorsed by the trial court is the correct approach. It appears that the state legislature, in drafting A.R.S. section 28–1170.01(A), did not specifically contemplate the situation in which both policies covering a loss were issued to "garagekeepers." However, we agree with the trial court's conclusion that A.R.S. section 28–1170.01(A) should apply in this case. We find that this approach best achieves the apparent purposes and spirit of the statute. *See Dietz v. General Elec. Co.*, 169 Ariz. 505, 510, 821 P.2d 166, 171 (1991) ("when the text of a statute is capable of more than one construction or result, legislative intent on the specific issue is unascertainable, and more than one interpreta-

tion is plausible, we ordinarily interpret the statute in such a way as to achieve the general legislative goals that can be adduced from the body of legislation in question").

Although the legislative history of A.R.S. section 28–1170.01(A) is sparse, the Arizona Supreme Court has held that the section serves the two-fold purpose of (1) avoiding litigation by establishing firm rules to determine priority where more than one policy covers a loss, and (2) assuring that the insurer of the negligent driver will usually be the primary carrier. *State Farm Mut. Auto. Ins. Co. v. Bogart*, 149 Ariz. 145, 153, 717 P.2d 449, 457 (1986); *see also State Farm Mut. Auto. Ins. Co. v. Fireman's Fund Ins.*, 149 Ariz. 179, 181, 717 P.2d 858, 860 (1986); *Nationwide Mut. Ins. v. CNA Ins. Co.*, 159 Ariz. 368, 370, 767 P.2d 716, 718 (App.1988).

Arizona Revised Statutes Annotated section 28–1170.01(A) represents an apparent legislative concern over the special problem of coinsurance in the enumerated automotive businesses. *See Zurich–American Ins. Co. v. Liberty Mut. Ins. Co.*, 85 Cal. App.3d 481, 487, 149 Cal.Rptr. 472, 476 (1978). Typically, the situation arises where a mechanic who is repairing a vehicle drives the vehicle in the course of his work, and an accident occurs.[2] *Id.* Both the policy covering the mechanic as named insured and the policy issued to the owner of the vehicle covering permissive drivers would potentially provide coverage for the loss. Subsections (1) and (2) of A.R.S. section 28–1170.01(A) represent a legislative determination that, in such coinsurance situations involving a party in one of the automotive businesses, the insurer of the operator should have primary coverage for

---

**1.** In its statement of facts accompanying its motion for summary judgment, Deere made the claim that the vehicle Flores was driving at the time of the accident was not described or rated as an owned vehicle in the policy it issued to Courtesy, although Deere did concede that the policy provided some coverage for the car as an "owned auto." Because we determine in this case that A.R.S. section 28–1170.01(A) is applicable, we need not decide whether Deere would be the primary insurer pursuant to A.R.S. section 28–1170.01(B).

**2.** Other coinsurance situations covered by A.R.S. section 28–1170.01(A) could occur when a customer is using a "loaner" car owned by a repair shop, *see State Farm Mut. Auto. v. Fireman's Fund Ins.*, 149 Ariz. 179, 717 P.2d 858 (1986); *Nationwide Mut. Ins. v. CNA Ins. Co.*, 159 Ariz. 368, 767 P.2d 716 (App.1988), or where a customer of a car dealership is involved in an accident while test-driving a car. *See St. Paul Ins. Co. v. Industrial Underwriters Ins. Co.*, 214 Cal.App.3d 117, 262 Cal.Rptr. 490 (1989).

a loss. This result furthers the sound public policy of placing primary liability on the party who is most responsible for the loss and thus encouraging the negligent party to use due care. *State Farm Mut. Auto. Ins. Co. v. Fireman's Fund Ins.*, 149 Ariz. 179, 181, 717 P.2d 858, 860 (1986); *Zurich–American*, 149 Cal.Rptr. at 476. Because A.R.S. section 28–1170.01(A)(1) determines that the insurance issued to a mechanic who incurs a loss while driving a customer's car is primary, it would contradict public policy to reach a different result simply because the car's owner also happens to be in the automotive business. *Zurich–American*, 149 Cal.Rptr. at 476.

The California Court of Appeals considered this same issue in *Zurich–American*. *Id.* 149 Cal.Rptr. at 473. In *Zurich–American*, Liberty Mutual issued a policy to an auto dealership and Zurich issued a policy to a mechanic who was hired to repair a truck owned by the dealership. *Id.* at 474. After repairing the truck, the mechanic was in the process of returning the vehicle when he was involved in an accident. *Id.* at 473. Both insurance policies covered the accident. *Id.* The court in *Zurich–American* was required to construe a California statute nearly identical to A.R.S. section 28–1170.01. The insurer for the mechanic in *Zurich–American* argued that the portion of the statute establishing priorities in the situation where a policy was issued to a person engaged in an automotive business applied where only one of the policies was issued to a "garagekeeper." *Id.* at 475. The California appellate court disagreed with this position and held that, where at least one of the applicable policies afforded coverage to an insured engaged in a business listed within the statute, priority was to be determined by who was operating the vehicle at the time of the loss. *Id.* at 476.

*Zurich–American* was cited approvingly by the Arizona Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Fireman's Fund Ins. Co.*, 149 Ariz. 179, 181, 717 P.2d 858, 860 (1986). In *State Farm*, a customer of a repair shop was involved in an accident while driving a "loaner" car owned by the shop. *Id.* at 180, 717 P.2d at 859. The court considered the issue of whether an escape clause in the customer's insurance policy violated A.R.S. section 28–1170.01(A)(2). *Id.* at 179, 717 P.2d at 858. The court held that the escape clause did violate A.R.S. section 28–1170.01(A)(2). *Id.* at 182, 717 P.2d at 861. Although the *State Farm* case did not involve the situation where both insureds were "garage-keepers," the court in that case cited *Zurich–American* approvingly for the proposition that one of the salutary purposes of A.R.S. section 28–1170.01(A) is to require that the insurer for the negligent driver be primarily liable. *Id.* at 181, 717 P.2d at 860.

Given the purpose of A.R.S. section 28–1170.01(A) as expressed by the Arizona Supreme Court in *State Farm*, we hold that the priorities established by that section apply where at least one of the covering policies was issued to a named insured in one of the specified automotive businesses.[3] To hold otherwise would contravene the spirit of the statute. Thus, because both the West American and Deere policies were issued to insureds engaged in automotive businesses, we look to see which policy covered the negligent driver. In this case, the vehicle was being operated at the time of the loss by Flores, an employee of Gower, who was acting in the course and scope of Gower's business. Therefore, under A.R.S. section 28–1170.01(A)(1), the liability policy issued to Gower by West American is primary, and the policy issued to Courtesy by Deere is excess.

Deere has requested attorney's fees on appeal pursuant to A.R.S. section 12–341.-

---

**3.** In so holding, we are not engaging in a "substantial rewriting" of the statute as some critics suggest. *See Zurich–American Ins. Co. v. Liberty Mut. Ins. Co.*, 85 Cal.App.3d 481, 492, 149 Cal. Rptr. 472, 478 (1978) (Kaus, J., dissenting). After all, A.R.S. section 28–1170.01 applies when "one of such policies" covers an insured engaged in an automotive business and in the case at hand, one of the policies providing coverage is such a policy. It just so happens that another similar policy is also involved. More importantly, it is the operator of the vehicle at the time of the accident who was insured and engaged in the automotive business, and it is he who should bear the loss according to A.R.S. section 28–1170.01(A)(1).

01. In our discretion, we grant Deere's request upon compliance with Rule 21, Arizona Rules of Civil Appellate Procedure.

For the foregoing reasons, the judgment of the trial court is affirmed.

VOSS, P.J., and LANKFORD, J., concur.