880 P.2d 714

Carol COLE, dba Allen Tire Center; Steven Carter; Truck Insurance Exchange, an interinsurance exchange, Plaintiffs/Appellees/Cross–Appellants,

v.

STANDARD FIRE INSURANCE COMPANY, a Connecticut corporation; Aetna Life & Casualty Company, a Connecticut corporation, Defendants/Appellants/Cross–Appellees.

No. 2 CA–CV 94–0066.

Court of Appeals of Arizona, Division 2, Department A.

March 24, 1994.

Review Denied Sept. 20, 1994.

was struck by a protruding lumber rack attached to the truck and suffered serious injuries. Mills sued Allen Tire and Carter for negligence. Allen Tire tendered the defense of the claim to Mills' employer, L.W. Laws Construction Co., the owner of the truck. Allen Tire is insured by Truck Insurance Exchange under a general liability garage-keeper's policy; Laws is insured by Aetna under a business automobile policy. Aetna refused the tender, and Truck Exchange brought this declaratory action asking for a determination that Carter was "using" the truck and was therefore an insured under the ·omnibus clause of Aetna's policy and that its garagekeeper's policy did not cover the accident because its insured was not driving the truck when the accident occurred.

The parties filed cross motions for summary judgment. The trial court granted Allen Tire's motion, ruling that the Aetna policy insuring the truck afforded primary coverage and that because Carter was not "driving" the truck when it injured Mills, he was not operating the truck and, therefore, the priorities created by A.R.S. § 28–1170.01(A) were inapplicable.

Upon Aetna's motion for reconsideration, the trial court made the following findings:

2. The Court has previously determined that the Aetna policy provides the primary coverage; that Aetna has a duty to defend the Defendants in the underlying lawsuit; and that Aetna must indemnify them for any judgment.

3. The question of law raised in this lawsuit is novel.

4. Defendants argue that A.R.S. § 28–1170.01(A), and *Nationwide Mutual Insurance v. CNA Insurance Company,* 159 Ariz. 368, [767 P.2d 716 (App.1988),] the case construing its language, designate Truck Insurance Exchange the primary insurer. However, Defendants['] argument is based upon an erroneous premise, that the terms "use" and "operate" are synonymous. *Allstate Ins. Co. v. Hartford Accident & Indem. Co.,* 486 S.W.2d 38 [ (Mo.App.1972) ]; *Loff[l]er v. Boston Ins. Co.,* 120 A.2d 691 ·[D.C.App.1956) ]; *Indemnity Ins. Co. of N.A. v. Metropolitan*

Broening, Oberg & Woods, P.C. by James B. Broening, Kenneth C. Miller and Neal B. Thomas, Phoenix, for plaintiffs/appellees/cross-appellants.

Rake & Downey, P.C. by William J. Downey and Lina V. Alvarez, Phoenix, for defendants/appellants/cross-appellees.

## OPINION

LACAGNINA, Judge.

In this appeal, Aetna Life & Casualty Company challenges the trial court's determination by summary judgment that Aetna provides primary coverage under A.R.S. § 28–1170.01(B) for an accident that occurred on the premises of Allen Tire Center, allegedly as a result of Allen Tire's employee's negligence. We reverse and hold that under the facts of this case, the negligence of Allen Tire's employee while exercising control over the movement of the vehicle is included in the terms "being operated by any person engaged in any such business" under A.R.S. § 28–1170.01(A)(1). Pursuant to subsection A of the statute, Allen Tire's garagekeeper's policy issued by Truck Exchange affords primary coverage for James Mills' injuries.

The facts in this case are undisputed. An accident occurred on the premises of Allen Tire when its employee, Steven Carter, suddenly lowered a hoist which was holding a truck that was being repaired. Mills, who brought the truck to Allen Tire for service,

*Cas. Ins. Co. of N.Y.* [33 N.J. 507], 166 A.2d 355 [ (N.J.1960) ].

5. A.R.S. § 28–1170.01(A) determines the priority of insurance when "a motor vehicle is being operated." A.R.S. § 28–1170 determines the priority of insurance when the motor vehicle is being "used".

6. The *Nationwide* case, in dicta, concluded that the statute's purpose is "to establish firm rules determining priority between primary and excess coverage whether there are multiple carriers and to require that the *insurer for the negligent driver* will *usually* be the primary carrier." (Emphasis added) Defendants argue that the legislature intended to make garage-keeper's liability carriers the primary insurers covering accidents involving vehicles under the garagekeeper's physical control. Defendants also make the compelling argument that sound public policy places the primary liability upon the party who is most responsible for the loss, thus encouraging the negligent party to exercise due care. Further, Defendants argue that the Court should seek to avoid an absurd result when interpreting § 28–1170.01(A).

7. A.R.S. § 1170.01(A)(1) may well be inconsistent or in conflict with the intent of the legislature. However, the statute cannot be harmonized with the perceived legislative intent and express statutory language. This is a matter to be visited either by the legislature or the appellate court. This is not an issue which this Court can adjudicate.

8. Under the facts of this case, while Steve Carter was "using" the pick-up truck[,] he was not "operating" it. Accordingly, § 28–1170.01(A) does not apply. § 28–1170.01(B) does apply. The Court's interpretation of the relevant portions of these statutes may achieve an unintended, unfair and absurd result from Defendant[s'] perspective. However, the Court cannot substitute its opinion of "legislative intent" and "public policy" or the absurdity of the result obtained for the terminology used in these statutes or the case law interpreting these terms.

▮ The ruling of the trial court achieved an unintended, unfair and absurd result which could never have been the goal of the legislature when it enacted § 28–1170.-01(A). The purpose of the statute is two-fold: to establish firm rules for "determining priority between primary and excess coverage where there are multiple carriers," and to require that the insurer for the negligent driver be the primary carrier under most circumstances. *Nationwide Mutual Ins. v. CNA Ins. Co.,* 159 Ariz. 368, 370, 767 P.2d 716, 718 (App.1988), *quoting State Farm Mutual Automobile Ins. Co. v. Bogart,* 149 Ariz. 145, 153, 717 P.2d 449, 457 (1986); *see also John Deere Ins. v. West American Ins.,* 175 Ariz. 215, 854 P.2d 1201 (App.1993).

The legislative concern, manifested by the enactment of § 28–1170.01(A)(1), that primary liability be placed on the party who is most responsible for the loss, would be frustrated if the word "operated" was narrowly defined to only mean "driven." The definition of "operate" varies according to the context of its use. It includes (1) to perform a work or labor, and (2) to produce an effect. *Webster's Third New International Dictionary* 1581 (1971). Cases supporting a broad definition of the word in the context of DUI statutes are legion and usually involve a definition by the courts stating "control" over the operation of the vehicle is sufficient to satisfy statutes prohibiting the operation of vehicles while intoxicated. *State v. Vermuele,* 160 Ariz. 295, 772 P.2d 1148 (App.1989); *State v. Brister,* 514 So.2d 205 (La.App.1987); *State v. Graves,* 269 S.C. 356, 237 S.E.2d 584 (1977). Our conclusion is further supported by the definition of "operator" in A.R.S. § 28–1102(5) which is "every person who is in actual physical control of a motor vehicle...." Given this meaning of "operator," we can infer that to operate means to be in physical control.

In *Richardson v. District of Columbia,* 134 A.2d 492 (D.C.App.1957), a defendant was held to be operating his vehicle without a license when found pushing the vehicle along a street. Courts have held "operation" not only includes driving but also other acts necessary to be performed in the movement of a vehicle from one place to another. *Merklein*

*v. Indemnity Ins. Co. of North America*, 214 Wis. 23, 252 N.W. 280 (1934) (an insured was "operating" his car when he pushed it in place for a wrecker). In order to give effect to the intent, public policy, and equitable consideration created by A.R.S. § 28–1170.-01(A)(1), "operated" must be broadly defined to include the negligent acts of persons in the automotive business while in control of an owner's vehicle. We cannot discern any reason why the legislature intended those in the business of selling, repairing, servicing, delivering, testing, road testing, parking and storing motor vehicles to escape primary liability for their negligent acts except when they are driving a motor vehicle upon which these services were being rendered. We reject Truck Exchange's argument that its garage-keeper's policy is only primary when its insured is driving a vehicle.

We cannot answer the question why the legislature imposed liability upon an owner of a motor vehicle for the negligent acts of the persons with whom he has placed his vehicle for service, repairs, testing, storage and parking. The public policy and equitable considerations inherent in the presumptions created by § 28–1170.01(A)(1) are best served by a fair and sensible interpretation that when two policies provide liability coverage for an occurrence and one party is in the automotive business, that policy provides primary coverage for its negligent acts occurring while the vehicle is in its control. *John Deere Ins. v. West American Ins., supra; Zurich–American Ins. Co. v. Liberty Mutual*, 85 Cal.App.3d 481, 149 Cal.Rptr. 472 (1978). Placing primary liability on the party responsible for the loss encourages the negligent party to use due care. Because Allen Tire had sole control of the vehicle and the hoist lifting and lowering the vehicle, its negligent "operation" of the hoist was covered primarily by its garagekeeper's policy provided by Truck Exchange, and the Aetna policy is excess coverage.[1] In view of our decision, we need not decide the issue raised by Truck

---

1. Aetna appeals only on the issue of which policy was primary and by agreement with Truck Exchange did not appeal the trial court finding that lifting the motor vehicle on a hoist was a "use" covered by the owner's motor vehicle liability

Exchange's cross-appeal on the trial court's failure to award it attorneys' fees.

The judgment of the trial court is reversed.

LIVERMORE, P.J., and FERNANDEZ, J., concur.

policy because the employee servicing the vehicle was using the vehicle with the owner's permission and covered by the omnibus provisions of the owner's policy.