IN THE COURT OF APPEALS
STATE OF ARIZONA



FILED BY CLERK

OCT 29 2007

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| JEFFREY ODOM, a single man, | ) | 2 CA-CV 2007-0036 |
| | ) | DEPARTMENT A |
| Plaintiff/Appellant, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| FARMERS INSURANCE COMPANY | ) | |
| OF ARIZONA, an Arizona corporation, | ) | |
| | ) | |
| Defendant/Appellee. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20053213

Honorable John F. Kelly, Judge

AFFIRMED

---

Mesch Clark & Rothschild, P.C.
  By Douglas H. Clark and Paul A. Loucks                       Tucson
                                   Attorneys for Plaintiff/Appellant

Jones, Skelton & Hochuli, P.L.C.
  By Donald L. Myles, Jr. and Randall H. Warner                Phoenix
                               Attorneys for Defendant/Appellee

---

P E L A N D E R, Chief Judge.

¶1 In this motor vehicle insurance coverage dispute, plaintiff/appellant Jeffrey Odom appeals from the trial court's summary judgment entered in favor of defendant/appellee Farmers Insurance Company of Arizona. Because the parties agree no genuine issues of material fact exist and because the trial court correctly applied the law, we affirm.

**Background**

¶2 The pertinent facts are undisputed. In July 2001, Farmers' insured, Jay Good, rented a vehicle for ten days from a car rental agency in Oregon. Good was the only authorized driver under the rental agreement. Nonetheless, during the rental period, Good loaned the car to Roman Orona, who drove it after having consumed alcoholic beverages and crashed into a house in Oregon. Orona's passenger, Odom, was seriously injured in the collision.

¶3 At the time of the accident, Good was insured under a personal automobile insurance policy issued by Farmers in Arizona.[1] The policy specifically describes only Good's personal vehicle, a 1993 Ford pickup truck, as a covered vehicle and has liability limits of $250,000 per person and $500,000 per occurrence.

---

[1]Although the parties stipulated that Good "purchased" the policy and Farmers refers to Good as "the named insured" under its policy, the policy's declaration sheet actually names as the insured only Shelly Good of Vail, Arizona. But the policy defines "you" and "your" as "the 'named insured' shown in the Declarations and spouse if a resident of the same household," and Jay Good apparently is Shelly's husband. Therefore, in this opinion we refer to Jay Good as Farmers' insured, even though technically Shelly is the named insured in the policy.

**¶4** In 2002, Odom sued Orona and Good in Pima County Superior Court. After Farmers declined to extend coverage to Orona under Good's policy or provide Orona with a defense in that action, Odom obtained a judgment against Orona in the amount of $3,450,000. Thereafter, Odom agreed not to execute on the judgment against Orona in return for Orona's assigning to Odom any rights or claims Orona had against Farmers.

**¶5** In 2005, Odom filed this action, claiming Farmers had breached its contractual obligation to Orona and acted in bad faith in denying him coverage. Thereafter, the parties filed cross-motions for summary judgment on the coverage issue and a joint statement of stipulated facts pursuant to Rule 56(c)(2), Ariz. R. Civ. P. After hearing argument, the trial court denied Odom's motion on his breach of contract claim and granted summary judgment in favor of Farmers, ruling that its policy did not cover Orona's driving of the rental car at the time of the accident. This appeal followed the court's entry of final judgment in favor of Farmers on all of Odom's claims.

## Discussion

**¶6** "Because the underlying facts are undisputed, we determine de novo whether the trial court correctly applied the law" and "will affirm if the trial court's ruling is correct on any ground." *Rowland v. Great States Ins. Co.*, 199 Ariz. 577, ¶ 6, 20 P.3d 1158, 1162 (App. 2001). Interpreting an insurance policy also raises a question of law subject to this court's de novo review. *See Cal. Cas. Ins. Co. v. Am. Family Mut. Ins. Co.*, 208 Ariz. 416, ¶ 5, 94 P.3d 616, 618 (App. 2004); *Liristis v. Am. Family Mut. Ins. Co.*, 204 Ariz. 140, ¶ 13, 61 P.3d 22, 25 (App. 2002).

3

¶7        We first focus on the pertinent liability coverage provisions in the Farmers policy issued to Good.  The policy obligates Farmers to "pay **damages** for which any **insured person** is legally liable because of **bodily injury** to any person" arising out of the use of a car.  The policy defines "**[i]nsured person**" to include Good, "any **family member**," and "[a]ny person using **your insured car**."  The policy then states, "**[i]nsured person** does not mean . . . [a]ny person who uses a vehicle without having sufficient reason to believe that the use is with permission of the owner."

¶8        The policy defines "**[y]our insured car**" to include "[t]he vehicle described in the Declarations of this policy," which was Good's Ford pickup truck.  In addition, the liability-coverage section of the policy states:

> **Your insured car** as used in this part shall also include any other **private passenger car** . . . not owned by or furnished or available for the regular use of you or a **family member**.  But no vehicle shall be considered as **your insured car** unless there is sufficient reason to believe that the use is with permission of the owner, and unless it is used by you or a **family member**.

¶9        In its summary judgment ruling, the trial court noted that the policy's "expanded definition" of "your insured car" in the liability coverage section "includes a rental car."  And, the court noted, Farmers did not dispute that its insured, Good, had given Orona permission to drive the rental car.  But, because Orona was not a member of Good's family and because Good was not personally using the rental car when the accident occurred, the court ruled the Farmers policy did not cover the rental car or Orona at that time.  On a separate ground, the court also ruled Farmers was entitled to summary judgment

4

because "Orona did not have permission of the owner, the rental car company, to use the rental car" at the time of the accident.

¶10          In reviewing de novo these rulings and interpreting the Farmers policy, "we construe the policy's provisions 'according to their plain and ordinary meaning.'" *Tritschler v. Allstate Ins. Co.*, 213 Ariz. 505, ¶ 12, 144 P.3d 519, 525 (App. 2006), *quoting Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 534, 647 P.2d 1127, 1132 (1982). But "[t]he language used in an insurance contract must be viewed from the standpoint of the average layman who is untrained in the law or the field of insurance." *Liristis*, 204 Ariz. 140, ¶ 13, 61 P.3d at 25-26. If a policy is reasonably "susceptible to different interpretations, we will attempt to discern its meaning by examining the language of the provision, the purpose of the transaction, and public policy considerations." *Tritschler*, 213 Ariz. 505, ¶ 12, 144 P.3d at 525. "If all else fails, and the clause remains ambiguous, the insurance policy will be construed to provide coverage." *State Farm Mut. Auto. Ins. Co. v. Connolly*, 212 Ariz. 417, ¶ 4, 132 P.3d 1197, 1198 (App. 2006).

¶11          The trial court concluded "[t]he policy at issue is subject to only one interpretation[: a] rental car is not an insured car 'unless it is used by [Good] or a family member.'" We agree. The policy's inclusion of other, non-owned cars, such as rental vehicles, in the expanded definition of "your insured car" is specifically qualified by two conditions stated in the very next sentence: "But no vehicle shall be considered as **your insured car** unless there is sufficient reason to believe that the use is with permission of the owner, *and* unless it is used by you or a **family member**." (Italics added.) In clear,

5

unambiguous language that "the average layman who is untrained in the law or the field of insurance" could easily understand, the policy provides liability coverage for rental cars only if both of those conjunctive conditions are met. *Liristis*, 204 Ariz. 140, ¶ 13, 61 P.3d at 25-26. The policy is not reasonably susceptible to any other interpretation and, therefore, we need not explore any other factors to discern its meaning. *See Tritschler*, 213 Ariz. 505, ¶ 12, 144 P.3d at 525. Because the rental car was not being used by Good or a family member at the time of the accident, the Farmers policy does not cover that car or Orona.

¶12 Seeking to avoid that conclusion, Odom presents several arguments to support his primary contention that "Farmers' policy covers Orona as a permissive driver of the rental car." Odom argues the rental car falls within the policy's expanded definition of an "insured car" because it was "any other **private passenger car** . . . not owned by or furnished or available for the regular use of [Good] or a **family member**." According to Odom, "[t]he rental car became an insured car when Good rented it" and "drove it off the lot for the extended period of use." That fact, Odom asserts, did not change, regardless of who later drove the car. Rather, he argues, all that matters for coverage purposes is that the rental car was an "insured car" being driven with Good's permission by Orona.

¶13 Accordingly, Odom maintains that because the policy defines "**[i]nsured person**" to include "[a]ny person using [Good's] **insured car**," Orona was insured and covered under the Farmers' policy when he caused the accident. And, he asserts, "[t]he identity of the permissive driver of an insured car is immaterial to Farmers' coverage

6

obligation." In other words, Odom contends the policy's coverage may not "wax and wane with the identity of the driver of [the] insured car."

¶14    We disagree with several premises underlying Odom's argument and, therefore, with his conclusion as well. First, we cannot agree with his assertion that "there is no question here that the rental car was a Farmers' insured car." That claim completely disregards the policy's dual requirement that "no vehicle shall be considered as **your insured car** unless there is sufficient reason to believe that the use is with permission of the owner, and unless it is used by you or a **family member**." *See* ¶¶ 8, 11, *supra*. As noted above, that provision imposes two prerequisites for coverage on a rental car or any other vehicle not owned by Good or a family member. As Farmers correctly notes, "[o]ther vehicles are included, first, only when they are used by Mr. Good or a family member and, second, only when they are being used with the owner's permission."[2] Orona was neither a member of Good's family nor driving with the car rental company's permission at the time of the accident.

¶15    Second, we disagree with Odom's contentions that the policy "require[s] that any permissive driver of the rental car be afforded coverage" and that "[t]he identity of the

[2]The record does not reflect, nor does Odom argue, that the rental car fell within the following general definition of "**[y]our insured car**" in the policy: "[a]ny **private passenger car** . . . not owned by you or a **family member** while being temporarily used as a substitute for any other vehicle described in this definition because of its withdrawal from normal use due to beakdown, repair, servicing, loss or destruction." Accordingly, the issue on which we "express[ed] no opinion" in *Farmers Insurance Co. v. Young*, 195 Ariz. 22, n.4, 985 P.2d 507, 510 n.4 (App. 1998)—"whether an insurer may exclude coverage for temporary substitute vehicles, which could cause a gap in liability coverage"—is not presented here.

permissive driver" of a car rented by Good "is immaterial to Farmers' coverage obligation." Those assertions again ignore the two express conditions imposed on coverage for a rental vehicle and, as Farmers rightly points out, the identity of the permissive user of a rental vehicle "does matter because the policy only covers Mr. Good, his family and [his] 1993 Ford." *See Alcala v. Mid-Century Ins. Co.*, 171 Ariz. 121, 123, 828 P.2d 1262, 1264 (App. 1992) (passenger on lent motorcycle not an "insured person" under driver's policy that covered driver's own vehicle; "insured person[s]" included named insured and his family, but "coverage is afforded to strangers to the policy only when they occupy an insured vehicle").

¶16        Third, we question Odom's various characterizations of the two-condition provision as an exclusionary clause or a "withdraw[al]" and "terminat[ion]" of coverage. Rather, we agree with Farmers that "coverage for the driver of the rental car existed only when it was being used by Mr. Good or a family member." Thus, the provision in question did not "terminate," "withdraw," or "exclude" coverage that otherwise would have existed. Instead, as Farmers argues, coverage for Orona "never existed in the first place" inasmuch as the policy "never covered [him]—not before he drove the rental car and not during the time he drove it." *See Alcala*, 171 Ariz. at 123, 828 P.2d at 1264 (policy did not "exclude [plaintiff] from coverage"; rather, "she was never included when riding on a motorcycle not insured under the policy").

¶17        Odom also argues Arizona's Vehicle Insurance and Financial Responsibility Act (FRA), A.R.S. §§ 28-4001 through 28-4153, and public policy compel coverage under

8

Farmers' policy for Orona's driving of the rental car. Relying primarily on § 28-4009, Odom contends the FRA mandates liability policies to "insure 'any' person using a covered motor vehicle with permission of the named insured" and "requires coverage to be based on the vehicle without regard to the identity of a permissive driver." According to Odom, the trial court "failed to interpret the insurance policy against the backdrop of the FRA."

¶18 As Farmers points out and Odom acknowledges, he did not cite or argue the FRA in support of his position below. Generally, arguments raised for the first time on appeal are untimely and deemed waived. *See Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, ¶ 15, 99 P.3d 1030, 1035 (App. 2004). "The waiver rule, however, is merely one of procedure, not jurisdiction." *Yarbrough v. Montoya-Paez*, 214 Ariz. 1, n.6, 147 P.3d 755, 762 n.6 (App. 2006); *see also Mitchell v. Gamble*, 207 Ariz. 364, ¶ 16, 86 P.3d 944, 950 (App. 2004). And, when interpretation and application of statutes are involved, we are not necessarily "'limited to the arguments made by the parties if that would cause us to reach an incorrect result.'" *Yarbrough*, 214 Ariz. 1, n.6, 147 P.3d at 762 n.6, *quoting Evenstad v. State*, 178 Ariz. 578, 582, 875 P.2d 811, 815 (App. 1993); *see also Mitchell*, 207 Ariz. 364, ¶ 17, 86 P.3d at 950; *Liristis*, 204 Ariz. 140, ¶ 10, 61 P.3d at 25 ("When the parties have tendered an insurance policy to the court for a coverage ruling, the court has discretion to read and interpret the policy correctly and is not necessarily limited to the arguments made by the parties."). In addition, motor vehicle insurance policies issued in Arizona "must be interpreted so as to reach the result required by the [FRA]," *State Farm Mut. Auto. Ins. Co. v. Fireman's Fund Ins. Co.*, 149 Ariz. 179, 182, 717 P.2d 858, 861 (1986), and the

9

policy says "it will comply with the [FRA] to the extent of the coverage required by the law." Therefore, in our discretion, we address Odom's statutory argument but reject it on the merits.

¶19        Section 28-4009(A)(1) requires "[a]n owner's motor vehicle liability policy" to "designate by explicit description or by appropriate reference all motor vehicles for which coverage is granted."[3] In pertinent part, subsection (A)(2) of the statute states, "[t]he policy shall insure [against liability in statutorily specified amounts] the person named in the policy as the insured and any other person, as insured, using the motor vehicle or motor vehicles with the express or implied permission of the named insured." Contrary to Odom's argument, the statute does not "require that any permissive driver of [a] rental car be afforded coverage" under an owner's personal motor vehicle liability policy. Rather, the phrase "the motor vehicle or motor vehicles" in subsection (A)(2) simply refers to any "motor vehicles for which coverage is granted." § 28-4009(A)(1). As we said in ¶¶ 3 and 8, *supra*, Farmers' policy "designate[s] by explicit description or by appropriate reference all motor vehicles for which coverage is granted," § 28-4009(A)(1), and expressly provides that any non-owned vehicle (such as a rental car) would not "be considered as **your insured**

---

[3]"'Motor vehicle liability policy' means an owner's or an operator's policy of liability insurance" that meets specified statutory requirements. A.R.S. § 28-4001(4). Both parties agree that Farmers' policy is an "owner's motor vehicle liability policy" governed by § 28-4009(A), rather than an "operator's" policy governed by § 28-4009(B). *See Young*, 195 Ariz. 22, ¶ 7, 985 P.2d at 509.

10

**car** unless there is sufficient reason to believe that the use is with permission of the owner, and unless it is used by [Good] or a **family member**."

¶20 In short, we agree with Farmers that the FRA does not require "the policy to insure people other than the named insured driving vehicles other than the one named in the policy."[4] *See Farmers Ins. Co. v. Young*, 195 Ariz. 22, ¶¶ 9-10, 13, 18, 985 P.2d 507, 510, 512-13 (App. 1998) (concluding that FRA did not require owner's liability policy to cover permissive users of non-owned vehicle and holding that "'other vehicle' exclusion" in such policy "is valid and does not violate Arizona's public policy"). As we stated in *Young*, "'[a] "drive other cars" clause is not required by Arizona statute in an owner's policy,'" but rather, is "'voluntary'" and, therefore, "'may be limited or excluded in Arizona.'" *Id.* ¶ 9, quoting *Luehrs v. Utah Home Fire Ins. Co.*, 450 F.2d 452, 456 (9th Cir. 1971). Similarly, the two-condition provision in Farmers' policy here permissibly qualifies coverage for non-owned vehicles that are not explicitly described in the policy, without violating the FRA.

¶21 Referring again to the policy's language, Odom also argues that, because the accident occurred during Good's rental period, "Good was using the rental car at the time of the accident" even though he had loaned it to Orona. The trial court rejected Odom's contention "that Good used the car within the meaning of [the policy's expanded definition

---

[4]Farmers also asserts that Arizona's FRA does not apply "to an accident in Oregon involving a vehicle rented [there]." *See* A.R.S. § 28-4135(A) (requiring liability insurance for motor vehicles "operated on a highway in this state"). Because that argument was neither raised nor ruled on below, and because resolving a potentially complex choice-of-law question is unnecessary to our disposition of the appeal, we do not address this issue.

11

of insured car] even though Good was not present at the time of the accident." We likewise reject that contention.

¶22     Odom's attempt to broadly interpret the word "use" in the policy is incompatible with the "plain and ordinary meaning" of that term. *Tritschler*, 213 Ariz. 505, ¶ 12, 144 P.3d at 525. A person "uses" an object when he or she is actually doing something with it at the time in question. *See The American Heritage Dictionary* 1331 (2d college ed. 1991) ("use" means "[t]o bring or put into service; employ"); *Black's Law Dictionary* 1541 (6th ed. 1990) ("use" means "[t]o make use of; to convert to one's service; to employ; to avail oneself of; to utilize"); *see also Cole v. Standard Fire Ins. Co.*, 179 Ariz. 494, 496, 880 P.2d 714, 716 (App. 1994) (referring to dictionary definition in interpreting insurance policy terms). As the trial court correctly noted, the policy's phrase, "is used by you or a **family member**," speaks "in the present tense." Although Good was entitled to use the rental car during the entire rental period, and although in the abstract use of the car for his purposes arguably could have included his loaning it to another, neither he nor a family member was actually using the car at the time of the accident. On that basis alone, the trial court properly entered summary judgment in favor of Farmers.

¶23     To support his contrary position, Odom cites *Ryder Truck Rental, Inc. v. Rodriguez*, 191 Ariz. 138, 953 P.2d 178 (App. 1998). The appellate court there reversed the trial court's summary judgment ruling that a truck rental company's insurance policy did not cover an accident involving one of its trucks "because the renter was a thief" who had "obtained the vehicle by fraud." *Id.* ¶¶ 1, 6. The court held that coverage was statutorily

required "unless the [truck rental] agency proves that, prior to plaintiff's injury, (1) the renter converted or stole the vehicle, and (2) the agency made a reasonable effort to cancel the rental contract and recover the vehicle." *Id.* ¶ 16. According to Odom, "the effect of the *Rodriguez* ruling is that the use of the [rental] car cannot be terminated under the type of post hoc analysis Farmers forwards here," that is, "a hind-sight analysis depending on Good's and Orona's conduct."

¶24 We find *Rodriguez* unhelpful in interpreting Farmers' policy here. The court's analysis in that case focused on former A.R.S. § 28-324, the predecessor to A.R.S. § 28-2166. *See* 1996 Ariz. Sess. Laws, ch. 76, §§ 7, 79. That statute requires a car rental company to provide liability insurance covering all renters of its vehicles as well as unauthorized drivers who nonetheless operate the vehicle with the renter's permission. *See* § 28-2166(B), (I). As Farmers argues, "[a]lthough [*Rodriguez*] might support a claim here against the rental company, it does not support [Odom's] claim for coverage against Jay Good's policy."

¶25 As noted earlier, the trial court also based its summary judgment ruling on the alternative ground that "Orona did not have permission of the owner, the rental car company, to use the rental car." We find no error in that ruling in view of the policy's coverage requirement that there be "sufficient reason to believe that the use is with permission of the owner." Contrary to Odom's argument, this is not a case in which Farmers "revoked" coverage based on the car rental company's contractual rental conditions. Regardless of the rental contract terms, it is undisputed that Orona's use of the vehicle was

13

not with permission of the car rental company, which owned the vehicle. And, although Good permitted Orona to drive the vehicle, Odom cites no authority prohibiting a liability insurer from limiting permissive-user coverage to those instances in which the owner has consented to the use.

¶26 Odom again relies on *Rodriguez* for the proposition that "Farmers cannot invoke a withdrawal of the owner's permission to preclude coverage where the owner itself took no steps to withdraw its grant of permission to use the rental car." As noted above, however, at most *Rodriguez* might affect the liability of the rental car company or its carrier, an issue not presented here. *See* § 28-2166(B), (I). Neither *Rodriguez* nor the pertinent statutes invalidate the condition for coverage under Farmers' policy that there be "sufficient reason to believe that the use is with permission of the owner."

¶27 Finally, we find misplaced Odom's reliance on *Philadelphia Indemnity Insurance Co. v. Barerra*, 200 Ariz. 9, 21 P.3d 395 (2001). There, our supreme court invalidated a "DUI exclusion" in a car rental agreement that nullified liability insurance coverage when the renter drove the rental car while under the influence of alcohol. *Id.* ¶¶ 7, 24-25. As Farmers correctly points out, however, it "is not trying to enforce a provision in the rental agreement," and *Barerra* involved a plaintiff's "reasonable expectations" argument, which Odom never asserted in this case. In sum, *Barerra* is inapposite and does not help Odom here.

**Conclusion**

14

¶28 The trial court correctly ruled that Farmers' policy does not provide coverage for the accident Orona caused while driving Good's rental car. Accordingly, the summary judgment entered in favor of Farmers is affirmed. Although Farmers requests an award of reasonable attorney fees on appeal, that request is denied for lack of any supporting authority. *See In re Wilcox Revocable Trust*, 192 Ariz. 337, ¶ 21, 965 P.2d 71, 75 (App. 1998).

_____
JOHN PELANDER, Chief Judge

CONCURRING:


_____
JOSEPH W. HOWARD, Presiding Judge


_____
J. WILLIAM BRAMMER, JR., Judge