NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ALBERT REYES, *Petitioner/Appellee,*

*v.*

SANDRA REYES, *Respondent/Appellant.*

No. 1 CA-CV 19-0455 FC

FILED 10-27-2020

Appeal from the Superior Court in Navajo County
No. S0900DO201700386
The Honorable Michala M. Ruechel, Judge

**AFFIRMED**

COUNSEL

Aspey Watkins & Diesel PLLC, Flagstaff
By Zachary J. Markham, Elizabeth J. Christy
*Counsel for Petitioner/Appellee*

Collins & Collins LLP, Phoenix
By Joseph E. Collins
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kent E. Cattani joined.

---

**B A I L E Y**, Judge:

¶1  Sandra Reyes ("Wife") appeals the trial court's order denying her motion to withdraw from an agreement reached pursuant to Arizona Rule of Family Law Procedure ("Rule") 69.  Because Wife shows no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2  Wife and Albert Reyes ("Husband") were married for over thirty years when Husband filed a petition for dissolution in November 2017.  In February 2019, the parties participated in a settlement conference before the case management judge and reached an agreement to settle the case.

¶3  After the settlement conference and with both parties and their counsel present, the court read the terms of the agreement into the record and found both parties "knowingly, intelligently and voluntarily entered into the agreement absent any force, threats or coercion."  The court ordered Husband's counsel to prepare a consent decree for the parties' signatures.  When Wife refused to sign the decree, Husband lodged the decree with the court, and Wife objected.  Wife then moved to withdraw from the agreement entered at the settlement conference.

¶4  Wife argued she should be permitted to withdraw from the agreement because Husband had failed to disclose the existence and value of certain personal property and the value of a community business.  After full briefing, the court determined that before entering the agreement, Wife knew of the personal property Husband possessed and had disputed the value of the community business.  The court therefore determined both parties entered into the Rule 69 agreement knowingly, intelligently, and voluntarily and that Wife failed to present sufficient grounds to set it aside.

¶5  The court entered the decree of dissolution Husband had lodged.  Although the decree was not certified as final pursuant to Rule

78(c), Wife filed a notice of appeal. This court stayed the appeal to allow the trial court to enter a signed order pursuant to Rule 78(c). Following entry of the amended decree, which contained the Rule 78(c) certification, Wife timely filed an amended notice of appeal. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶6** "A marital separation agreement is a contract, and when a property settlement agreement is incorporated into a decree, contract law governs the agreement." *Buckholtz v. Buckholtz*, 246 Ariz. 126, 129, ¶ 10 (App. 2019) (internal citations omitted). We review a mixed question of law and fact, such as the enforceability and validity of a contract, *de novo*. *Id.* A Rule 69 agreement becomes valid if "the agreement's terms are stated on the record before a judge." *See* Ariz. R. Fam. Law P. 69(a)(2). The party challenging the validity of a Rule 69 agreement bears the burden to prove any defect in the agreement. *Id.* at (c).

**¶7** At the outset, Wife has waived several arguments she raises on appeal. She argues the decree cannot be enforced due to violations of A.R.S. § 25-318(F) (requiring decrees to specifically describe the property affected) and (H) (requiring a notice statement regarding community debts be provided to both parties in a dissolution action) and asserts the decree is so vague as to render it unenforceable. She failed to raise these arguments in the trial court, however, and "arguments raised for the first time on appeal are untimely and deemed waived." *Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535, ¶ 18 (App. 2007). Accordingly, we will not consider them.

**¶8** Wife argues the court erred in denying her motion to withdraw because Husband violated his obligations to supplement his disclosure under Rule 49 and in turn, violated the fiduciary duty he owed her. She contends in particular that Husband's disclosure violations constitute evidence that he concealed assets.

**¶9** On January 1, 2019, an amended version of Rule 49 took effect. Wife argues that, as amended, Rule 49 obligated Husband to disclose community assets and their values and required him to supplement his initial disclosure. However, Wife's argument ignores that the prior version of Rule 49 imposed the same obligations. *Compare* Ariz. R. Fam. Law P. 49(b)(2), (g), *with* Ariz. R. Fam. Law P. 49(E), (I) (eff. Jan. 1, 2017). As to items of personal property, Wife claims on appeal that Husband's failure to

disclose some assets and their values suggests he "could have . . . concealed" $206,241 in community assets. Yet Wife did not present this calculation to the trial court and admits she has no basis for this estimate other than speculation.

¶10            Wife claims Husband failed to provide a "list of personal property in [Husband's] possession with estimated values," as Rule 49(b) requires. Nine months before the settlement conference, Husband disclosed a list of property, including real property, vehicles, and retirement accounts, along with an estimated value of all personal property, but his inventory did not itemize the personal property items. Wife's later-filed inventory list included the real property and vehicles Husband had listed, and a number of personal property items, including tools and machinery in Husband's possession, and included an estimated value for each item. Furthermore, at both parties' request, the court continued the settlement conference for five months to allow a business valuation to be completed on the business for which the parties disputed value. Husband provided a copy of the business valuation report to Wife two months before the settlement conference.

¶11            Wife has not shown, and the record does not support, that Husband failed to disclose any personal property or that she did not enter the Rule 69 agreement knowingly. In fact, the record supports the opposite conclusion. Before the settlement conference, Wife knew Husband had tools and machinery in his possession and she listed those items, along with their estimated values, on her inventory list. Wife claims Husband concealed over $55,000 in additional tools and equipment. But nothing in the record shows that Wife requested access to inventory the tools and machinery Husband possessed to verify their existence or that Husband denied such access.

¶12            Moreover, Wife did not provide this court with a copy of the transcripts from the settlement conference or the hearing on the motion to withdraw. "[W]here an incomplete record is presented to an appellate court, the missing portions of that record are to be presumed to support the action of the trial court." *Cullison v. City of Peoria*, 120 Ariz. 165, 168 n.2 (1978) (citation omitted). We therefore presume the parties each had sufficient information to enter into the agreement knowingly, intelligently, and voluntarily. Because the record does not show the agreement was invalid, we affirm the trial court's denial of Wife's motion to withdraw.

¶13 Both Wife and Husband request their attorneys' fees and costs on appeal. Given that Wife's basis for this appeal was unsupported by the record, we decline Wife's request for attorneys' fees, and award Husband his reasonable attorneys' fees and costs on appeal, contingent upon his compliance with Arizona Rule of Civil Appellate Procedure 21. *See* A.R.S. §§ 12-342, 25-324.

## CONCLUSION

¶14 We affirm the denial of Wife's motion to withdraw from the Rule 69 agreement.



AMY M. WOOD • Clerk of the Court
FILED: AA