NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

In re the Matter of:

BRENDA L. PEREZ,
*Petitioner/ Appellee*,

*v.*

JAMES RICHARDSON,
*Respondent/Appellant.*

No. 1 CA-CV 21-0041 FC

FILED 12-7-2021

Appeal from the Superior Court in Maricopa County
No.  FC2015-002197
The Honorable Monica Edelstein, Judge

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART**

COUNSEL

James Richardson, Alamogordo, New Mexico
*Respondent/Appellant*

David Lipartito, Tucson
*Counsel for Petitioner/Appellee*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Maurice Portley joined.[1]

---

**T H U M M A,** Judge:

**¶1**         James Richardson (Father) appeals from post-decree child support orders regarding his two minor children with Brenda L. Perez (Mother). Because the record does not show that the court accounted for Father's Social Security Administration Disability Benefits (Benefits), received for the benefit of the children, the orders are vacated, and this matter is remanded to expressly account for the Benefits in setting Father's child support obligations. In all other respects, the orders are affirmed.

### FACTS AND PROCEDURAL HISTORY

**¶2**         Father and Mother were divorced in a decree entered in 2015. The decree awarded sole legal decision-making to Mother as the primary residential parent, with Father receiving parenting time. The decree ordered Father to pay Mother $881.71 in monthly child support in accordance with the Child Support Guidelines (Guidelines). *See* Ariz. Rev. Stat. (A.R.S.) § 25-320 app. (2021).[2]

**¶3**         Father was injured during the marriage while serving in the military. As a result, Father received, and continues to receive, monthly Benefits, a portion of which are paid to Mother for the benefit of the children.

**¶4**         In 2017, Father filed a petition that, among other things, sought to modify child support. Before a February 2018 hearing on that petition, the parties discussed Father's Benefits and how they might impact his child support obligations. At that February 2018 hearing, the parties told

---

[1] The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

the court they reached agreements resolving Father's petition. A resulting minute entry noted the parties agreed that, through counsel, they would "calculate Father's new child support calculation, with respect to whatever [Benefits] come through which will be applied towards Father's child support payments," adding that any back award of Benefits would be used to bring current Father's child support obligations. From the record provided, however, it does not appear that such a calculation was made.

¶5          In June 2018, Mother disclosed to Father two "Notices of Change in Benefits" from the Social Security Administration. The Notices stated Benefits could be paid for the minor children "beginning March 2018," listing monthly benefits payments of $149 for each minor child. The Notices also stated that for each child Mother "will soon receive a payment for $6,734.00, which is the money [they are] due through May 2018."

¶6          In August 2019, Mother petitioned to modify legal decision-making, parenting time and child support, given criminal charges brought against Father on unrelated issues. Father filed a counter-petition that, among other things, asked to recalculate child support to give him credit for Benefits the children were (and had been) receiving. In various filings leading up to a resulting November 2020 evidentiary hearing, including in his pretrial statement, Father repeated his request that child support be recalculated to account for the Benefits received for the children. Mother's pretrial statement, filed at about that same time, did not mention, or dispute, the issue.

¶7          At the November 2020 evidentiary hearing, Mother testified that she received Benefits "for the kids" of "about $155 each" in monthly benefits. A December 2020 order resolving the petition and counter-petition stated the court had considered "[t]he relevant financial factors and the discretionary adjustments which the [c]ourt will allow," and ordered Father to pay an increased amount of $977 in monthly child support. The order, however, did not mention the Benefits.

¶8          Father filed a motion for reconsideration, claiming the December 2020 order failed to address the Benefits Mother was receiving on the children's behalf. The court denied the motion, noting it had "considered Father's argument and positions previously."

¶9          This court has jurisdiction over Father's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. sections 12-120.21(A)(1) and -2101(A)(1).

**DISCUSSION**

**I.      Because The Record Does Not Show That the Court Accounted for the Benefits, the Child Support Order Is Vacated.**

**¶10**          This court reviews de novo the application of the Guidelines, reviewing a specific child support award for an abuse of discretion. *See In re Marriage of Robinson and Thiel*, 201 Ariz. 328, 331 ¶ 5 (App. 2001). The superior court at the evidentiary hearing, not this court on appeal, determines the facts and the credibility of witnesses. *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 451-52 ¶ 19 (App. 2007); *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347-48 ¶ 136 (App. 1998).

**¶11**          Father argues the court erred by not accounting for the Benefits that are received by Mother for the benefit of the children. The court is required to set child support by applying the A.R.S. § 25-320 factors consistent with the Guidelines. *See* A.R.S. § 25-403.09(A). Guideline 26(B)(3) provides:

> Benefits, such as Social Security Disability or Insurance, received by a parent on behalf of a child, as a result of contributions made by the other parent who is ordered to pay child support shall be credited . . . If the amount of the child's benefit for a given month is less than the parent's child support obligation, the parent shall pay the difference unless the court, in its discretion, modifies the child support order to equal the benefits being received at that time.

The record does not reflect that this provision was applied by the court when setting child support in the December 2020 order.

**¶12**          The December 2020 order attached a Child Support Worksheet that listed $2,080 in gross monthly income for Mother and $5,262.84 for Father. These gross income amounts came from the most recent affidavits of financial information from Mother and Father.[3] Those affidavits, however, did not include the Benefits Mother was receiving on

---

[3] For reasons not clear from the record, Father's affidavit stated a gross monthly income of $5,282.80, a difference of $19.96 per month.

behalf of the children. As a result, the December 2020 order did not account for the Benefits in ordering Father to pay $977 in monthly child support.

¶13       Although the Guidelines require the court to account for the Benefits, and trial record included evidence quantifying the Benefits, the December 2020 order made no finding or reasoning for failing to account for the Benefits in setting child support. On this record, this court cannot determine whether the court accounted for the Benefits in setting child support. As a result, the child support award is vacated, and remand is necessary. *See City of Tucson v. Whiteco Metrocom, Inc.*, 194 Ariz. 390, 396-97 ¶¶ 23-24 (App. 1999) (remanding because findings failed to address issues necessary to review the court's application of the law).

¶14       Although Mother argues Father waived the issue, the record is to the contrary. The February 2018 minute entry directed the parties to "calculate Father's new child support calculation, with respect to whatever [Benefits] come through which will be applied towards Father's child support payments." Father then followed up, including emails to Mother in October 2019 and May 2020, seeking details about the Benefits. When those efforts failed, in October 2020, Father moved to compel such information from Mother.

¶15       Father's pretrial statement, filed in advance of the November 2020 evidentiary hearing, stated that "[t]he children have been receiving derivative [Benefits] based on Father's disability, and the Court's February 2018 Court Order for recalculation should be done." In that same filing, Father asked that child support be calculated to account for "social security benefits." At the November 2020 evidentiary hearing, Mother testified to receiving the $155 in monthly Benefits for each child. And when the December 2020 order did not account for those benefits, Father's motion to reconsider pointed to that omission.

¶16        Because Father timely raised the issue for consideration at the November 2020 evidentiary hearing, and because the resulting December 2020 order does not expressly address the issue, the record does not support a conclusion that the court properly considered the Benefits. As a result, the December 2020 order is vacated, and this matter is remanded for further proceedings to expressly address the impact the Benefits may have on Father's child support obligations.[4]

## II.    Father's Argument Regarding the Failure to Account for Travel Expenses Associated with Parenting Time Is Waived and Fails on the Merits.

¶17        Father, who moved to New Mexico before the November 2020 hearing, claims the December 2020 order failed to account for his travel expenses associated with his parenting time. Father, however, did not properly raise this issue before or at the November 2020 evidentiary hearing, meaning it is waived. *Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535 ¶ 18 (App. 2007). Even absent waiver, Father has shown no reversible error. Under the Guidelines, the court has the discretion to "allocate travel expenses *of the child* associated with parenting time in cases where one-way travel exceeds 100 miles." Guideline 18 (emphasis added). Father, however, is arguing that his travel expenses (not the travel expenses of the children) should have been allocated by the court. Because the Guidelines do not require such allocation, even absent waiver, Father has shown no error.

---

[4] Although Father argues his child support obligation cannot exceed five percent of his monthly income, the limitation on which he relies applies to the cost of medical insurance for a child, which is not at issue here. *See* A.R.S. § 25-320(J), (K). Similarly, although Father alleges "intentional concealment of her financial disclosure[s]" by Mother, the record shows the court had adequate evidence of her financial position, including JP Morgan Chase checking statements from February 2018 to October 2020.

**CONCLUSION**

**¶18**	The December 2020 award of child support payments is vacated, and this matter is remanded for the court to expressly account for the Benefits received by Mother on the children's behalf in determining child support. Mother requests costs and attorneys' fees on appeal under A.R.S. § 25-324(A) and ARCAP 21. Mother's request for costs on appeal is denied and, after considering the parties' relative financial positions and the reasonableness of their positions, Mother's request for an award of fees is denied as well. Father is awarded his taxable costs incurred on appeal contingent upon his compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA

7