NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CANNON COCHRAN MANAGEMENT SERVICES, INC., a foreign corporation; MALCOLM HUNGER, an individual, *Petitioners*,

*v.*

THE HONORABLE MELISSA IYER JULIAN, Judge of the SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County of MARICOPA, *Respondent Judge*,

*v.*

KEITH TURPEN; DEBRA TURPEN, *Real Parties in Interest.*

No. 1 CA-SA 24-0171

FILED 12-05-2024

Petition for Special Action from the Superior Court in Maricopa County
No. CV2023-051524
The Honorable Melissa Iyer Julian, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED IN PART AND DENIED IN PART**

COUNSEL

Gordon Rees Scully Mansukhani, LLP, Phoenix
By David L. O'Daniel, Jonathan C. Brannon
*Counsel for Petitioners*

Robert J. Hommel, P.C., Phoenix
*Counsel for Real Parties in Interest*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Andrew M. Jacobs joined.

---

**T H U M M A**, Judge:

¶1 This special action turns on whether the superior court properly found the attorney-client privilege protecting statements on several pages of claim notes created by Petitioners Cannon Cochran Management Services Inc. (CCMSI) and Malcom Hunger was waived, requiring production of those notes to Real Parties in Interest Keith and Debra Turpen. The Turpens (plaintiffs in this insurance bad faith case) claim Petitioners (two of the defendants) waived their privilege by relying on an advice of counsel defense. Accepting special action jurisdiction, this court grants relief in part and denies relief in part as stated below.

## FACTS AND PROCEDURAL HISTORY

¶2 In January 2021, while working for Vision Solar, Keith Turpen slipped and fell. Turpen sought medical treatment and workers' compensation benefits. Defendant New York Marine & General Insurance Company apparently provides workers' compensation coverage for Vision Solar. New York Marine, in turn, apparently retained CCMSI and Hunger to investigate Turpen's worker's compensation claim. Among other things, Hunger consulted with attorney Lisa Lamont, including in April 2021, sending an email to Lamont titled "Question on Denied/Investigation Pending" Independent Medical Examination (IME).

¶3 In January 2022, an Industrial Commission of Arizona Award apparently found Turpen's workers' compensation claim compensable. Someone other than Turpen sought review of that Award. In September 2022, the Commission affirmed the Award. Even then, however, Turpen apparently did not receive workers' compensation benefits pending his providing monthly status reports (MSRs), with the parties disputing responsibility for MSRs.

¶4            In April 2023, the Turpens filed this case, alleging bad faith and wrongful denial and delay of payment of workers' compensation benefits by Petitioners and New York Marine. After Petitioners disclosed CCMSI claim notes, asserting information redacted from those notes was attorney-client privileged, motion practice followed. As relevant here, that motion practice yielded two minute entries requiring, after an in camera review, the production of about 10 pages of unredacted CCMSI claim notes.

¶5            In its June 17, 2024 minute entry, the superior court found that, as applicable here, (1) Petitioners showed that the redacted information (involving communications between Hunger and counsel) was attorney-client privileged; (2) the Turpens showed Petitioners impliedly waived that privilege by asserting a subjective good faith defense based on advice of counsel; (3) granting in part and denying in part the Turpens' motion to compel and (4) granting in part and denying in part Petitioners' motion to submit documents for in camera inspection. As relevant here, in that minute entry, the court ordered that Petitioners produce to the Turpens unredacted copies of CCMSI claim note pages 21, 23 and 30. It also directed Petitioners to deliver to the court for in camera inspection unredacted copies of additional pages of specified CCMSI claim notes.

¶6            A July 8, 2024 minute entry reflects the results of the in camera review of the unredacted copies of CCMSI claim notes. As relevant here, the court concluded that the previously "redacted communication" on the following pages "implicate[d] CCMSI's subjective good faith defense as it pertains to the decision to deny the claim as well as CCMSI's investigation into how the accident occurred," resulting in an order that Petitioners produce to the Turpens unredacted copies of CCMSI claim note pages 39, 40, 67, 69, 70, 72 & 74.

¶7            Petitioners filed this special action, challenging the order requiring them to produce unredacted versions of these documents.

## DISCUSSION

### I.    The Court Accepts Special Action Jurisdiction.

¶8            "Special action review of an order compelling discovery over the objection of a party asserting a privilege is appropriate because there is no equally plain, speedy, or adequate remedy by appeal." *Miller v. Kelly*, 212 Ariz. 283, 284 ¶ 1 (App. 2006) (citations omitted); *accord State Farm Mut. Auto. Ins. Co. v. Lee*, 199 Ariz. 52, 66 ¶ 38 (2000). Accordingly, this court

accepts special action jurisdiction. *See* Ariz. R.P. Spec. Act. 1(a).[1] The question then becomes whether Petitioners are entitled to relief. *See* Ariz. R.P. Spec. Act. 3.

**¶9**        The court accepted special action jurisdiction over only the question the petition presented: whether ordering production of the unredacted copies of the CCMSI claim notes specified above was error when (1) Petitioners have not asserted a subjective good faith defense based on advice of counsel and (2) Petitioners "never put those communications at issue." The court thus will not tread beyond those limited questions to review other issues neither raised with or addressed by the superior court, nor raised in the petition. In particular, the court will not address whether the documents at issue were privileged to begin with or whether the crime-fraud exception provides a basis to go behind the privilege, arguments the Turpens seek to raise in response to the petition. Finally, the substantive merits of the claims and defenses, which have yet to be resolved, are not addressed here.

## II.     The Record Presented to This Court.

**¶10**        The record in a special action proceeding is limited to what the parties provide. A petition seeking special action relief must "be supported by an appendix of documents in the record before the trial court that are necessary for a determination of the issues raised by the petition." Ariz. R.P. Spec. Act. 7(e). Unlike an appeal, the record in a special action proceeding is what the parties provide this court.

**¶11**        The parties here have provided hundreds of pages of documents in their appendices, many lacking obvious relevance to the issues presented. Notwithstanding this bulk, there are significant (and seemingly meaningful) gaps in the record presented. Although providing their answer to the Turpens' complaint, Petitioners have not provided a copy of the complaint. As a result, other than indicating the Turpens' complaint has 86 paragraphs, and alleges bad faith, joint and several liability and punitive damages, the record does not include the allegations made in the Turpens' operative pleading.

**¶12**        Similarly, the two significant minute entries at issue here resolved a motion to compel and a motion for in camera inspection. Petitioners provided the Turpens' motion to compel and Petitioners'

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

response, but not the Turpens' reply. Petitioners also provided their motion for in camera inspection and their reply, but not the Turpens' response. Although the Turpens provided their reply supporting their motion to compel, the record does not include the response to Petitioners' motion for in camera inspection. As a result, the court lacks a complete set of the six briefs that resulted in the two minute entries being challenged here.

**¶13**            These omissions seem particularly significant, given that Petitioners' argue they have not asserted a subjective good faith reliance on counsel defense and have referenced subjective good faith "only as discussed in the relevant case law, in response to the Turpen's claims [apparently in their complaint, which was not provided to this court] and assertions contained in their Response" to the motion for in camera review, which was not provided to this court.

**¶14**            It may be that the gaps in the record provided to this court are inconsequential. But that possible conclusion is not obvious. What is clear is that these gaps in the record likely influence the analysis here and that these gaps in the record could have been avoided.[2]

## III.    Documents No Longer At Issue.

**¶15**            Petitioners correctly note the Turpens' response does not address CCMSI 23, meaning they have waived any claim to its production. *See, e.g., Lunney v. State*, 244 Ariz. 170, 174 ¶ 3 n.3 (App. 2017); *Rowland v. Great States Ins. Co.*, 199 Ariz. 577, 581 ¶ 6 n.1 (App. 2001). Accordingly, relief is granted such that any inadvertently disclosed copy of the April 13, 2021 note on CCMSI 23 is deemed clawed back and must be either returned to Petitioners or destroyed.

---

[2] Indeed, it appears that the gaps in this record might defeat special action jurisdiction under rule changes effective January 1, 2025. Though this court has accepted jurisdiction here, it would likely have been improper to do so after January 1, 2025 because these gaps in the record violate new Rule 14(e) ("Appendices"). *See* Ariz. R.P. Spec. Action 14(e)(1) (eff. Jan. 1, 2025) ("A petitioner must file an appendix that includes a copy of the decision being challenged and copies of all documents from the trial court's record the reviewing court will need to decide the issues the petition raises.").

¶16        Petitioners concede that the April 6, 2021 email included in CCMSI 30, a portion of which is redacted, was disclosed without redaction by New York Marine. Petitioners admit this "waived the attorney-client privilege[] that had been attached to" that communication and concede the redacted information on CCMSI 30 is no longer privileged. Thus, the superior court appropriately required disclosure of the unredacted document, and the relief Petitioners request regarding CCMSI 30 is denied.

¶17        Petitioners claim privilege attaching to a three-letter acronym on CCMSI 74 meant the superior court should not have ordered production of the unredacted document revealing the acronym. Petitioners, however, have not shown how those three letters were shielded from disclosure or how the superior court erred in ordering their production. Accordingly, Petitioners' request for relief regarding CCMSI 74 is denied.

## IV.    Applicable Legal Standard.

¶18        Although discovery orders are reviewed for an abuse of discretion, *Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, 253 ¶ 10 (2003) (citing cases), this court reviews de novo findings that the attorney-client privilege has been waived, *State ex rel. Adel v. Adleman*, 252 Ariz. 356, 360 ¶ 10 (2022) (citing cases). Petitioners argue the superior court erred in finding waiver given they have not "asserted a subjective good faith defense based on advice of Counsel."[3] Petitioners argue the superior court erred in applying the analysis set forth in *Mendoza v. McDonald's Corp.*, 222 Ariz. 139 (App. 2009) and, instead, it should have applied the analysis in *State Farm Mutual Automobile Insurance Co. v. Lee*, 199 Ariz. 52 (2000). *Everest Indemnity Insurance Co. v. Rea*, 236 Ariz. 503 (App. 2015), a more recent case, discussed and sought to synthesize *Mendoza* and *Lee*.

---

[3] Petitioners also argue the superior court erred "without granting Oral Argument," noting they had requested oral argument in their response to the Turpen's motion to compel. From the record, it does not appear that Petitioners brought this issue to the superior court's attention after the June 17, 2024 minute entry, when complying with that minute entry by submitting documents for in camera review or at any time, before or after, the July 8, 2024 minute entry ruling on privilege after the in camera review. By this action and inaction, any issue regarding oral argument appears to have been waived. *See Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535 ¶ 18 (App. 2007). Moreover, even absent waiver, as applicable here "the court may decide motions without oral argument, even if oral argument is requested." Ariz. R. Civ. P. 7.1(d).

**¶19**        *Everest* stated that "[u]nder *Lee*, the attorney-client privilege is impliedly waived only when the litigant [holding the privilege] asserts a claim or defense that is *dependent* upon the advice or consultation of counsel." 236 Ariz. at 505 ¶ 7. *Everest* continued that, "[u]nder *Lee*, to waive the attorney-client privilege, a party [holding the privilege] must make an affirmative claim that its conduct was based on its understanding of the advice of counsel – it is not sufficient that the party consult with counsel and receive advice." 236 Ariz. at 505 ¶ 9 (citing cases). Turning to *Mendoza*, *Everest* described that case as involving

> an employer rel[ying] on the advice of counsel in scheduling [IMEs] and determining whether to issue surgical authorization for an employee's worker's compensation claim. The employer expressly admitted that it had relied substantially on the advice of worker's compensation counsel in reaching its decisions. In the face of decisions made based on the advice of counsel, such a claim that those decisions were made in subjective good faith necessarily depends upon the information the client had learned from its lawyers. In that circumstance, *Mendoza* found the attorney-client privilege was impliedly waived under *Lee*.

236 Ariz. at 506 ¶ 10 (citations omitted); *see also Mendoza*, 222 Ariz. at 154 ¶ 51 ("By electing to defend this case based on the subjective, not just objective, reasonableness of its adjusters' actions, McDonald's placed in issue their subjective beliefs and directly implicated the advice and judgment they had received from McDonald's ICA counsel incorporated in those actions."). The majority in *Everest*, on the facts presented, found defendant "has not yet placed the advice it received from counsel at issue in this litigation," meaning it had not waived the privilege, 236 Ariz. at 506 ¶ 11, while the dissent found defendant's "actions are 'inextricably intertwined' with the advice it received from counsel," meaning it had placed that advice at issue and had waived the privilege, *id.* at 507 ¶ 17 (Orozco, J., dissenting). Using that dichotomy, the issue here is on which side of this dividing line Petitioners' asserted defenses place this case.

**¶20**        The Turpens concede they are making "no claim that Petitioners relied on counsel," nor are they "assert[ing] that Petitioners were relying on an evaluation of law." Turning to the defenses asserted by

7

Petitioners, the superior court found that, "[l]ike the facts at issue" in *Mendoza*,

> CCMSI claims subjective good faith in its decision to maintain the status of the claim as "denied/under investigation" until it received the results of the IME. Although Hunger claims in his declaration . . . that he made this determination independently and before he communicated with Attorney Lamont on April 6, 2021, the evidence suggests that his decision-making on that issue as of and after April 6, 202[4] "implicated the advice and judgment" received from counsel.

**¶21** The tipping point for the *Lee/Mendoza/Everest* line of cases appears to be whether a defense invoked by holders of the privilege, here Petitioners, constitutes a waiver of the privilege they hold. *See Lee*, 199 Ariz. at 58 ¶ 15 (where party "claiming the privilege *relies* on and advances as a . . . defense a subjective and allegedly reasonable evaluation of the law—but an evaluation that necessarily incorporates what the litigant learned from its lawyer—the [privilege is waived and the] communication is discoverable") (citing "the *Hearn* test," originating in *Hearn v. Rhay*, 68 F.R.D. 574 (E. D. Wash. 1975)); *Mendoza*, 222 Ariz. at 154 ¶ 51 (similar; quoted above); *Everest*, 236 Ariz. at 506 ¶ 11 ("Everest has not asserted as a defense, at least not yet, that it depended on advice of counsel in forming its subjective beliefs regarding the appropriate course of conduct."); *see also Everest*, 236 Ariz. at 506 ¶ 10 (noting the employer in *Mendoza* "expressly admitted that it had relied substantially on the advice of worker's compensation counsel in reaching its decisions.").

**¶22** Petitioners (who hold the privilege) argue, with record support, that they have never asserted a subjective good faith defense based on advice of counsel. To the contrary, they argue they have expressly disavowed asserting such a defense. Petitioners point to their answer to the Turpens' complaint (which includes no such defense or affirmative defense), their final Rule 26.1 disclosure statement (which includes no such defense or affirmative defense), their response to the Turpens' motion to compel (which disavows any defense that would depend upon advice of counsel) and Hunger's sworn declaration (which states that he consulted with counsel to seek but does not rely on that advice for a good faith defense). Petitioners correctly note the Turpens have submitted no evidence

to the contrary, which is neither surprising nor instructive given that Petitioners control the defenses they assert.

¶23        The record presented here is quite similar to the record in *Everest*, resulting in a conclusion that the holder of the privilege in that case had not waived that privilege by asserting a subjective good faith defense based on advice of counsel:

> At present, Everest's defense falls short of the *Lee* and *Mendoza* requirements for an implied waiver. Everest contends that it acted with a subjective belief in the good-faith nature of its actions. Everest also admits that it consulted counsel before making the decision to enter into the settlement agreement and that counsel were involved in the settlement negotiations. ***But these facts alone are not enough to suggest that Everest's subjective belief in the legality of its actions necessarily included or depended on the advice it received from counsel. Everest has not asserted as a defense, at least not yet, that it depended on advice of counsel in forming its subjective beliefs regarding the appropriate course of conduct.*** Similarly, Everest has not yet seen the need to share the advice of its counsel with its own expert—the expert simply cites the fact of consultation as a procedural indication of good faith. As such, Everest has not yet placed the advice it received from counsel at issue in this litigation.

*Everest*, 236 Ariz. at 506 ¶ 11 (emphasis added; citations and footnote omitted). This same analysis applies here. It may be that Petitioners made a tactical mistake by failing to assert a subjective good faith defense based on advice of counsel. Regardless, as in *Everest*, Petitioners have failed to do so. Accordingly, applying *Everest*, relief is granted by vacating that portion of the superior court's orders finding an implied waiver of privilege as to the remaining CCMSI documents subject to this special action proceeding.

**CONCLUSION**

**¶24** Accepting special action jurisdiction, this court grants relief in part and denies relief in part. That portion of the superior court's orders finding Petitioners impliedly waived the attorney-client privilege as to the following documents, by asserting a subjective good faith defense implicating advice of counsel, is vacated: CCMSI 21, 23, 39, 40, 67, 69, 70, 72. The superior court's orders regarding CCMSI 30 and 70 are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV